UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD "DICKEY" HAVERDA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:11-CV-664 |
| HAYS COUNTY, HAYS COUNTY | § | |
| SHERIFF'S OFFICE, AND SHERIFF | § | |
| GARY CUTLER, IN HIS OFFICIAL AND | § | |
| INDIVIDUAL CAPACITIES, | § | |
| | § | |
| *Defendants*. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW PLAINTIFF, Richard "Dickey" Haverda, complaining of the conduct of Defendants and for cause of action respectfully shows as follows:

### NATURE OF THE ACTION

1. This cause of action arises out of, *inter alia*, Plaintiff's demotion from Lieutenant to Corrections Officer and constructive discharge from his employment with the Hays County Sheriff's Office for reasons that were violative of his First Amendment rights of free speech and/or association. Plaintiff's federal cause of action arises under 42 U.S.C. § 1983. He seeks back pay, compensatory damages, punitive damages, the prospective injunctive relief of reinstatement to his former position or front pay, costs of court, pre- and post-judgment interest, and an award of attorneys' fees.

JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. The events out of which this suit arises occurred in Hays County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

PARTIES

4. Plaintiff is a resident of Hays County, Texas. Plaintiff was an employee of Defendant Hays County at the time of the events complained of herein.

5. Defendant, Hays County, is a county located in the state of Texas. Defendant, Hays County Sheriff's Office, is a local governmental entity in Hays County, Texas. Defendant, Sheriff Gary Cutler, is the Hays County Sheriff and held this office at the time of the events complained of herein. Defendant Cutler is sued in his official and individual capacities.

FACTS

6. In February of 1989, Plaintiff began his employment with Defendant Hays County Sheriff's Office ("HCSO"). Plaintiff worked under the leadership of five different Sheriffs during his tenure with HCSO. He was promoted and consistently received outstanding performance evaluations.

7. In November 2010, the office of Hays County Sheriff was up for election. Defendant Cutler ran against the incumbent Sheriff Tommy Ratliff. During the campaign, Plaintiff worked in the Jail Division of HCSO.

8. Plaintiff supported his boss, then-Sheriff Ratliff, during the campaign. Plaintiff participated in fundraising efforts, held signs on election night, and—most visibly—wrote a

letter to the editor defending then-Sheriff Ratliff (and himself) against accusations concerning the jail. The letter was published in the San Marcos Daily Record on October 6, 2010. Mr. Haverda also had a long-time personal relationship with former Sheriff Ratliff.

9. Defendant Cutler won the election. He took office as the Hays County Sheriff on November 15, 2010. Defendant Cutler hired his long-time colleague, Jamie Page, as Chief Deputy.

10. Within one week of Defendant Cutler taking office, Plaintiff's position was posted as available on the Hays County website. Also within that first week, Chief Deputy Page criticized Plaintiff in front of Plaintiff's subordinates.

11. In January 2011, Plaintiff's title was changed from Captain to Lieutenant. His schedule changed, but his salary was not affected at that time.

12. On February 15, 2011, Plaintiff's direct supervisor, Captain Brad Robinson, informed Plaintiff that he had been instructed by Defendant Cutler and Chief Deputy Page to inform Plaintiff that Plaintiff needed to "get on the train" or he would be moved to maintenance or another department until he was eligible to retire.

13. On February 23, Chief Deputy Page wrote a memo demoting Plaintiff from Lieutenant to Corrections Officer, resulting in a significant decrease in salary, status, and responsibilities. Such conduct, in and of itself, constitutes an adverse employment action.

14. The "demotion memo" explicitly refers to the election and the campaign, as well as Plaintiff's complaints about his treatment. The "demotion memo" blames Plaintiff for many problems at the Hays County Jail. Most of the criticisms concern areas that were outside the

scope of Plaintiff's authority, such as maintenance and kitchen issues.  Other criticisms involved issues that were in the process of being addressed, problems with respect to which funds necessary to remedy them had been requested and denied, and issues involving equipment or supplies that the Maintenance Supervisor was ordering or had ordered, but had not yet arrived.

15. These alleged reasons for the demotion were pretextual and would not have led to the demotion (or other adverse employment action) of an employee who had not spoken out on a topic of public concern, had not engaged in other activity protected by the First Amendment, and/or did not have Plaintiff's protected associations.

16. Plaintiff appealed his demotion to Defendant Cutler, the final policymaker for Defendant Hays County Sheriff's Office on personnel issues.  During the appeal meeting, Sheriff Cutler mentioned the election and expressed hostility to Plaintiff's involvement in the campaign several times, including specifically referring to the letter to the editor that Plaintiff wrote. Defendant Cutler denied Plaintiff's appeal of his demotion.

17. Independently, and/or in addition to all that has been pleaded above, Defendants' retaliatory demotion of Plaintiff involved such an intolerable decrease in salary, status, and responsibilities that it constituted a constructive discharge upon Plaintiff's retirement from HCSO in April 2011.

18. The effort to scapegoat Plaintiff for all the problems at the Hays County Jail (as a means to have a basis to impose adverse employment action) was a pretext to punish him for his protected First Amendment associations and/or speech involving topics of public concern. Plaintiff was second-in-command over detention operations during the day shift.  His

responsibilities did not encompass the entire facility. HCSO employees bearing greater responsibility for the issues identified in Chief Deputy Page's February 23 memo, including Plaintiff's supervisor, who was the Jail Captain, and the Maintenance Supervisor at the jail, were not demoted.

19. Defendants' demotion and constructive discharge of Plaintiff were in retaliation for Plaintiff's associations and/or speaking out on topics of public concern. The proffered reasons for Plaintiff's demotion were in retaliation for Plaintiff's associations and/or speaking out on topics of public concern, would not have led to the demotion at that time of an employee who did not have Plaintiff's associations and/or had not spoken out on a matter of public concern or engaged in other activity protected by the First Amendment, and were violative of Plaintiff's rights to free association and/or speech, protected by the United States Constitution.

20. Defendant Cutler, at a minimum, upheld, implemented, and/or ratified the action of Chief Deputy Page to demote and constructively discharge Plaintiff, knowing that said actions were substantially motivated by Plaintiff's protected associations and/or free speech activity.

21. Defendants' demotion and constructive discharge of Plaintiff were initiated, orchestrated, and/or approved by the Sheriff with the involvement of the Sheriff in the illegal reasons for the retaliation. Defendant Cutler knew or should have known that Plaintiff's right to be free from retaliation for associations and speech on topics of public concern that are protected by the First Amendment was clearly established at the time of his conduct.

22. Plaintiff's protected associations and free speech activity were not likely to generate controversy and disruption within HCSO, did not impede the general operation of

HCSO, and did not affect the working relationships necessary to the proper functioning of HCSO's administration.

CAUSE OF ACTION: FEDERAL CONSTITUTIONAL VIOLATION / § 1983

23. Defendants' demotion and constructive discharge of Plaintiff were violative of Plaintiff's rights to free speech and/or association protected by the First Amendment to the United States Constitution and cognizable pursuant to 42 U.S.C. § 1983.

RELIEF SOUGHT

24. As more particularly set out below, for violations of the United States Constitution and/or 42 U.S.C. § 1983, Plaintiff is entitled to injunctive, equitable, and declaratory relief, as well as appropriate damages.

25. Plaintiff is entitled to appropriate injunctive relief requiring Defendants to reinstate him to his former position of employment, with all benefits and emoluments of his position that he would have received if Defendants' retaliation had not occurred, and further injunctive relief prohibiting any future acts of retaliation or harassment and making Plaintiff whole, as if Defendants' illegal acts of demotion and constructive discharge had not occurred.

26. As a proximate result of Defendants' improper and illegal actions, Plaintiff has suffered damages. In this connection, Plaintiff has suffered and will continue to suffer loss of wages and/or earning capacity, as a result of Defendants' retaliation. Plaintiff has also endured mental anguish in the past and will continue to suffer such in the future.

27. Plaintiff is also entitled to recover exemplary damages in an amount sufficient to punish the Defendants for their conduct and to deter others from similar actions.

28. Plaintiff is also entitled to the maximum amount of pre- and post-judgment interest, as permitted by law.

29. As a result of Defendants' illegal actions, Plaintiff has been forced to retain legal counsel to remedy Defendants' wrongful and illegal acts.  Plaintiff is entitled to recover all reasonable and necessary attorneys' fees and expenses incurred in preparing and maintaining this action.

## JURY TRIAL

30. Plaintiff requests and demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff be accorded damages as sought herein, including compensatory and exemplary damages, reasonable and necessary attorneys' fees, court costs, pre- and post-judgment interest, appropriate declaratory and/or injunctive relief, including reinstatement, back and/or front pay, and a prohibition on further acts of retaliation, and all such other further relief, at law or in equity, to which he may show himself justly entitled.

*Respectfully submitted,*

DEATS DURST OWEN & LEVY, P.L.L.C.
Philip Durst
State Bar No. 06287850
Matt Bachop
State Bar No. 24055127

       1204 San Antonio Street, Suite 203
       Austin, Texas 78701
       (512) 474-6200
       (512) 474-7896 (Fax)


       /s/
       COUNSEL FOR PLAINTIFF